UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENERO THOMAS,

        Plaintiff,

                                          Case No. 08-CV-14225
vs.                                             HON. GEORGE CARAM STEEH

GUS HARRISON CORRECTIONAL FACILITY,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (# 7)

     Plaintiff Lenero Thomas, appearing pro per, filed a prisoner civil rights complaint on October 3, 2008. By Order of October 14, 2008, Thomas was directed to file two additional copies of the complaint within 30 days to facilitate service, as required under Federal Rule of Civil Procedure 4(c)(1). Thomas was forewarned that failure to timely file the additional copies could result in the dismissal of his complaint. On December 11, 2008, the court dismissed the complaint for want of prosecution in failing to comply with the October 14, 2008 Order. Twelve days later, on December 23, 2008, the court received a letter from Thomas stating he did not understand why he was required to file the additional copies until he received the December 11, 2008 dismissal order. Thomas did not file the additional copies as required. Thomas invoked "Rule 34c; 1(2)(c)" for the proposition that the rule "gives me thirty days before the final decision." The letter was not construed as a motion. On March 31, 2009, Thomas caused a second letter to be filed as a "follow up on the reconsideration." The Clerk docketed this letter as a motion for reconsideration.

A motion for reconsideration must be filed within 10 days after entry of the challenged order.  E.D. Mich. LR 7.1(g)(1).  Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).

Thomas' initial letter, received by the court on December 23, 2008, did not constitute a motion for reconsideration, and alternatively, did not demonstrate that the court palpably erred by dismissing his complaint for failing to obey the October 14, 2008 Order.  Thomas' second letter, filed on March 31, 2009 and construed as a motion for reconsideration, is untimely and, alternatively, likewise fails to demonstrate palpable error.  Accordingly, and pursuant to Local Rule 7.1(g)(1) and (3),

Thomas' motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated:  October 29, 2009

                                    s/George Caram Steeh  
                                    GEORGE CARAM STEEH  
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 29, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Deputy Clerk